■ In the Matter of the Estate of PAULINE OBERSTEIN, Deceased. BARBARA ROSENBLUM, Appellant; STEWART OBERSTEIN et al., Respondents. — In proceedings pursuant to SCPA article 7, Barbara Rosenblum, testamentary trustee under the last will of Pauline Oberstein, appeals (1) from so much of an order of the Surrogate's Court, Queens County (Laurino, S.), dated October 12, 1983, as (a) revoked her letters of trusteeship, (b) directed her to turn over to the temporary administrator of the decedent's estate all personal property, including any books and records belonging to the estate, and (c) appointed Richard L. Rubin as temporary administrator to act in her place pending application to the court for an appointment of a permanent fiduciary, and (2)

from an order of the same court, dated January 27, 1984, which (a) held her application to be reinstated as trustee in abeyance, (b) directed her to file her account as trustee and to petition for its judicial settlement within 45 days from the date thereof, and (c) provided that upon her failure or refusal to account, the court would entertain a motion to dismiss the reinstatement proceeding. ¶ Order dated October 12, 1983 modified, by deleting therefrom the provision which revoked appellant's letters of trusteeship. As so modified, order affirmed insofar as appealed from, without costs or disburseme its. ¶ Appeal from so much of the order dated January 27, 1984 as held the proceeding to reinstate appellant as trustee in abeyance pending completion of the accounting proceeding dismissed as academic in light of the determination on the appeal from the order dated October 12, 1983. In all other respects order dated January 27, 1984, affirmed, without costs or disbursements. Appellant's time to file her accounting, if she has not already done so, is extended until 20 days after service upon her of a copy of the order to be made hereon, with notice of entry. ¶ By citation dated August 28, 1981, a proceeding was initiated in the Surrogate's Court, Queens County, to revoke letters testamentary previously granted to Leonard Altschul, naming him as the executor of the estate of Pauline Oberstein, deceased. Barbara Rosenblum, appellant herein, who was the named trustee of a trust created by the will, did not receive notice of the proceeding. A hearing was conducted on December 9, 1981, resulting in an order dated March 11, 1982, which, *inter alia,* directed the appellant to file her account within 60 days from the date thereof. The record on appeal fails to indicate that appellant was ever served with a copy of the order dated March 11, 1982. ¶ By order dated September 27, 1982, appellant was directed to appear for a conference with the Surrogate on October 11, 1982. The order did not indicate the purpose of the conference. Following an unrecorded conference, the Surrogate revoked appellant's letters of trusteeship based upon her failure to file her account pursuant to the order of March 11, 1982. This revocation was apparently pursuant to the authority of SCPA 719 (subd 10) and SCPA 711 (subd 3), which allow for such a revocation where there has been a willful refusal, or a neglect without good cause, to obey a lawful direction of the court. ¶ Appellant contends that she was never made aware of her obligation to file the account in issue. The sole basis for the Surrogate's conclusion that appellant was aware of her obligation was an off-the-record representation made to him by the person who served as the executor's attorney at the December 9, 1981 hearing, that following the issuance of the order of March 11, 1982, the attorney had advised appellant of her obligation to file an accounting. Under these circumstances, we conclude that the record fails to establish that appellant willfully refused or without good cause neglected to obey a lawful direction of the court. Based upon the deficiencies in the record and the haphazard procedures utilized to advise appellant of her obligation to file an accounting, we cannot accept a finding that appellant was ever so advised. Accordingly, her letters of trusteeship are reinstated. ¶ We note that in her brief, petitioner concedes that her reinstatement as trustee does not entitle her to manage the property of the trust until the termination of the temporary administrator's period of administration. Accordingly, the order appealed from dated October 12, 1983 has been modified only to the extent indicated herein. Thompson, J. P., Bracken, Rubin and Boyers, JJ., concur.